POTLATCH LUMBER CO. v. O'CONNELL. †

(Circuit Court of Appeals, Ninth Circuit. January 5, 1914.)

No. 2,281.

1. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—MINORS—ASSUMED RISK.

Plaintiff, a boy of 17 years, was injured at 10:30 p. m. on a certain day when engaged in unloading logs from a flat car for defendant. He had worked for about two hours for each of two preceding nights. The night in question was dark, cold, and misty, and the only light was from an arc light 150 to 250 feet away. Plaintiff and another were directed by the foreman to get on a car and unload four logs still remaining thereon, and, after plaintiff had gotten the first log started, he attempted to move back, when he was struck across the back by another log and knocked from the car. The log which was being removed struck the unsupported end of one which projected beyond the body of the car, with the result that the opposite end of the log swung around and struck plaintiff. He testified that there was not sufficient light to enable him to see how the logs lay, and that he thought the log they were removing would roll straight off. *Held*, that he did not assume the risk as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—EVIDENCE.

Where, in an action for injuries to a servant by his being thrown from a car at night while unloading logs, the negligence alleged was the failure of the master to furnish sufficient light, and the complaint also charged that plaintiff was inexperienced in the work, and entered the master's employment with the understanding that he was to be engaged in a less hazardous occupation, the master was not prejudiced by evidence that plaintiff was put to work without warning or caution as to the danger; having pleaded as an affirmative defense that plaintiff when engaged understood and fully appreciated any and all dangers connected with such employment, including the fact that the logs might roll and injure him if he got in their path, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

In Error to the District Court of the United States for the Northern Division, of the Eastern District of Washington; Frank H. Rudkin, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied March 10, 1914.

Action by J. J. O'Connell, by Catherine M. O'Connell, his guardian ad litem, against the Potlatch Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward J. Cannon, George M. Ferris, and Charles E. Swan, all of Spokane, Wash., for plaintiff in error.

Robertson & Miller, of Spokane, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error was a boy 17 years of age. He was injured at 10:30 o'clock at night, while engaged in unloading logs from a flat car for the plaintiff in error. He had been similarly engaged in work for about two hours on each of the two preceding nights, and that was the extent of his prior experience with the work. The night was dark, cold, and misty. The only light came from an arc light from 150 to 250 feet away. After removing the most of the logs by means of a crane, there remained three or four logs on the car. They were 16 feet in length; two of them being about 12 inches, and one about 18 inches, in thickness. They were lying in a disorderly way, some across the others. The end of one of the logs extended out beyond the body of the car. There was ice and snow on the car, and the floor was slippery. The foreman of the plaintiff in error told the defendant in error and one Rud to get upon the car and unload the remaining logs. They, each using a cant hook, obeyed the direction of the foreman. He pointed at a particular log to be unloaded first. The defendant in error testified: "It was awful slippery. It took some time to get the first log started, and when it started we started to move back, and when I started to move back the other log hit me across the back, knocking me on my head in the pond." In brief, the log which was being removed, struck the unsupported end of the log which projected beyond the body of the car, with the result that the opposite end of that log swung around and struck the defendant in error. He testified that there was not sufficient light to enable him to see how the logs lay, one with relation to the other, and that he thought the log they were removing would roll straight off.

[1] It is assigned as error that the court below refused to grant the motion of plaintiff in error for a directed verdict in its favor upon the ground that the risks incident to doing the work were open and obvious, and that the defendant in error therefore assumed the same. It would serve no useful purpose to review the numerous decisions cited, in which liability for injury has been sustained or denied under circumstances more or less similar to those in the case at bar. The decision of each case must depend upon its own peculiar circumstances. The ultimate inquiry must be whether or not, under the facts as shown, it should be held, as a matter of law, that the danger must have been obvious to one of the age and experience of the workman who was engaged in it when injured. We may concede it to be true, as argued by the plaintiff in error, that a boy of the age of 17, without experience in unloading logs, would know that to impose a sufficient weight or force upon the end of a projecting and unsupported log resting upon a flat car would cause that end to go down, and the opposite end to

go up. But in the present case, the situation was not so simple as that. In the first place, there was evidence tending to show that the light was not sufficient to enable the defendant in error to see whether or not the weight of one or more of the other logs on the car was imposed upon the projecting log, so as to prevent it from tipping. In the second place, in the case of a boy of that age, it should not be held that he must have known that, when another log struck the unsupported end of the projecting log, the opposite end would not only rise, but would swing laterally in his direction. Again, it is to be said that a boy of that age naturally looks to the guidance and direction of the older men, who are working with him. Here there were two experienced men standing by, who saw what he was engaged in doing, and had the same opportunity that he had to discover the danger he was in, and yet they gave him no word of caution or warning. The plain inference from their silence is that the danger was not obvious to them. In view of all the facts, it is clear, we think, that the court below did not err in refusing to rule, as a matter of law, that the defendant in error assumed the risk.

[2] Evidence was admitted, over the objection of the plaintiff in error, that the defendant in error had entered upon his work without receiving any caution from his employer as to the danger involved therein. It is contended that it was error to admit such testimony for the reason that in the complaint there was no allegation whatever of negligence on the part of the plaintiff in error in that respect. The complaint alleged the facts and circumstances under which the plaintiff in error was injured, including the failure of the plaintiff in error to furnish sufficient light, and, in addition thereto, alleged that at the time of the happening of the accident the defendant in error was of the age of 17 years, "and inexperienced in the character of work, and entered the employ of the defendant with the understanding that he was to be engaged in a less hazardous occupation." It is true that, in an action by a servant against his master to recover for injuries received through the latter's negligence, it is necessary to set forth the particular ground of negligence which is relied upon, and, in the present case, it may be conceded that, if the defendant in error had relied upon the negligence of his employer in failing to give him warning of the danger of the work in which he was engaged, it would have been necessary to allege such negligence. But in the present case the act of negligence relied on was the failure of the plaintiff in error to furnish sufficient light. No other act of negligence is alleged in the complaint, and, so far as the bill of exceptions informs us, it was upon that ground that the jury returned a verdict for the defendant in error, for the instructions to the jury are not contained in the record. For aught we know to the contrary, the issues were so presented by the court to the jury as to confine their attention solely to the act of negligence alleged in the complaint. It is true that, in an opinion rendered by the court below on the motion of the plaintiff in error for a new trial and for a judgment non obstante veredicto, the court expressed doubt as to the correctness of the ruling, whereby the testimony that no notice of danger was given to the defendant in error was admitted

in evidence; but the most that can be deduced from the language of the opinion is that the court did not in the charge instruct the jury to disregard the evidence so admitted. In the opinion the court said:

"However, the foreman in charge of the work was a witness at the trial, and at no stage of the case was there any intimation that a warning had been in fact given. Indeed, the third affirmative defense, 'that the plaintiff, at the time he entered upon the work in which he was engaged, understood and fully appreciated any and all dangers connected therewith and fully appreciated the fact that the logs would roll and might injure him if he got in their path, and that in entering upon the work he assumed and took upon himself all dangers and risks incident to his employment, among which were the dangers and risks which he alleges caused the accident,' would seem inconsistent with the theory that a warning was given. Under all the circumstances, therefore, I am not prepared to say that the defendant was prejudiced by the ruling complained of."

We agree with the court below that the record does not justify the conclusion that the plaintiff in error was prejudiced by the ruling complained of.

The judgment is affirmed.